UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONETTE HOUSTON,

        Plaintiff,

                                          Case No.: 15-cv-11939
v.                                    Honorable Gershwin A. Drain

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION (#24), OVERRULING PLAINTIFF'S OBJECTION (#25), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#20), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 17), AND DISMISSING ACTION**

**I.    INTRODUCTION**

This matter is before the court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Lonette Houston's claim for judicial review of Defendant Commissioner of Social Security's denial of her applications for a period of disability, for disability insurance benefits and supplemental security income benefits. The matter was referred to Magistrate Judge Mona K. Majzoub, who issued a Report and Recommendation on November 9, 2016, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant Commissioner's

Motion for Summary Judgment be granted, and Plaintiff's Complaint be dismissed. Plaintiff filed an objection to the Report and Recommendation on November 22, 2016. The Commissioner filed a Response to Plaintiff's Objection on November 30, 2016. For the reasons discussed below, the Court will accept and adopt the Magistrate Judge's recommendation and dismiss this action.

## II.  ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for a period of disability, disability insurance benefits and supplemental security income benefits on November 26, 2012, alleging a disability onset date of January 19, 2012. The Administrative Law Judge (ALJ) determined that while the Plaintiff had not engaged in substantial gainful activity since January 19, 2012, and had the following severe impairments: degenerative disc disease, left shoulder partial tear, bilateral knee pain, and anemia; she had not been under a disability within the meaning of the Social Security Act from January 19, 2012 through the date of the ALJ's decision. The ALJ concluded that Plaintiff was capable of performing past relevant work as a receptionist, as well as a significant number of other jobs in the local and national economy.

Plaintiff's sole objection concerns the ALJ's Step Three analysis. The Magistrate Judge found harmless error occurred when the ALJ failed to address whether Plaintiff's impairments met the criteria for Listing 1.04A (Disorders of the Spine) in her Step Three analysis. While acknowledging the ALJ's oversight at Step Three, the Magistrate Judge also noted that later in the ALJ's decision, she "discussed Plaintiff's spinal impairments in specific enough terms to make it clear that Plaintiff did not meet the criteria of Listing 1.04A . . . ." Pg ID 488.

"At the third step in the disability evaluation process, a claimant will be found disabled if his impairment meets or equals one of the listings in the Listing of Impairments." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir.

3

Apr. 1, 2011)(citing 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491(6th Cir. 2010)). "Each listing specifies the 'objective medical and other findings needed to satisfy the criteria of that listing.'" *Id.* (citing C.F.R. § 404.1525(a)). The ALJ "must analyze the claimant's impairments in relation to the Listed Impairments and give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Christephore v. Comm'r of Soc. Sec.*, No. 11-cv013547, 2012 WL 2274328, at *6 (E.D. Mich. Jun. 18, 2012)(citing *Reynolds*, 424 F. App'x at 416).

Listing 1.04A states:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal code. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test . . . .

20 C.F.R. pt. 404, subpt. P., App.1.

It is conceded that the ALJ failed to properly analyze or explain why Plaintiff's impairments did not meet or medically equal Listing 1.04A. However, as the Magistrate Judge correctly found, the evidence demonstrates that Plaintiff's condition could not have met or equaled Listing 1.04A because she did not present any medical evidence of "motor loss . . . accompanied by sensory or reflex loss."

4

*Id*. As noted by the Magistrate Judge, after her Step Three Analysis, the ALJ thoroughly discussed Plaintiff's impairments rendering it beyond dispute that Plaintiff is unable to satisfy the criteria of Listing 1.04A. Pg ID 488. Thus, the ALJ's error at Step Three was harmless.

This Court has held in the past that it will not overturn an ALJ's decision if the failure to articulate step-three findings is harmless. *See M.G. v. Comm'r of Soc. Sec.,* 861 F. Supp.2d 846, 859-60 (E.D. Mich. 2012)(citing *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008) ("As a general rule, we have held that an ALJ's failure to adequately explain his factual findings is 'not a sufficient reason for setting aside an administrative finding' where the record supports the overall determination."); *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969)(noting that courts are not required to "convert judicial review of agency action into a ping-pong game" where "remand would be an idle and useless formality."); *White v. Colvin*, No. 4:12-cv-11600, 2013 WL 5212629, at *7 (E.D. Mich. Sept. 16, 2013)(recognizing that a court may find an ALJ's failure to explicitly discuss whether a claimant meets or medically equals a listing at step three to be harmless error when the ALJ on the record "described evidence pertaining to all impairments, both severe and non-severe, . . . in his opinion and made factual findings."); *Bacon v. Astrue*, No. 1:11-cv-01805-BYP, 2012 WL 3112366, at *5 (N.D. Ohio Jul. 31, 2012)("[a]ssuming arguendo that the ALJ did

not provide the analysis until after Step Three, during the determination of residual functioning capacity before Step Four, 'if the ALJ's lack of discussion . . . at step three is error, it is harmless, as the ALJ's findings at Step Four provided sufficient consideration and the Court is confident that no reasonable administrative factfinder would have resolved the matter differently.")

Remand is only justified where the record evidence leaves open the possibility that a Listing is met or equaled. *See Reynolds*, 424 F. App'x at 416 ("[I]n this case, correction of such an error is not merely a formalistic matter of procedure, for it is possible that the evidence [the plaintiff] put forth could meet the listing."). In this case, Plaintiff's medical evidence does not contain any findings of sensory or reflex loss, a requirement for Listing 1.04A. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (holding that a claimant must establish her impairment matches all of the specified medical criteria; an impairment that involves only some of the requisite criteria, no matter how severe, does not qualify). Indeed, the ALJ specifically noted these normal findings on examination with Dr. Noel Upfall. Pg ID 98. And the other examinations in the record indicated normal findings in these areas as well. Pg ID 319, 321, 389, 400, 407, 408.

Moreover, the non-examining state agency physician, Larry Jackson, M.D., reviewed the evidence of record, specifically considered Listing 1.04, and did not find that Plaintiff's impairments met or equaled the listing. The ALJ was entitled

to rely on this opinion. *See* 20 C.F.R. § 404.1527(e)(1); *see also Wladysiak v. Comm'r of Soc. Sec.*, No.11-14494, 2013 WL 2480665 (E.D. Mich. Jun. 10, 2013).

As such, the Magistrate Judge correctly concluded that the ALJ's error was harmless because the medical evidence of record "shows that even if the ALJ had made the required findings [at Step Three], the ALJ would have found the [Plaintiff] not disabled . . . ." *Juarez v. Astrue*, No. 2:09-cv-160, 2010 WL 743739, at *5-6 (E.D. Tenn. Mar. 1, 2010) (citing *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 657-58 (6th Cir. 2009).

### III.  CONCLUSION

Accordingly, Plaintiff's objection [#25] is OVERRULED.  The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Mona K. Majzoub's November 9, 2016 Report and Recommendation, GRANTS Defendant Commissioner's Motion for Summary Judgment [#20], DENIES Plaintiff Lonette Houston's Motion for Summary Judgment [#17] and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated:  January 10, 2017          /s/Gershwin A. Drain
                                  GERSHWIN A. DRAIN
                                  United States District Judge


## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 10, 2017, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk